LAURIE A. TRAKTMAN (SBN 165588)
email: lat@gslaw.org
**GILBERT & SACKMAN**
**A Law Corporation**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Facsimile: (323) 937-3139

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS PENSION PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; THE BOARD OF TRUSTEES OF THE SHEET METAL WORKERS HEALTH PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; THE BOARD OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 88 SECTION 401(K) PLAN; THE SHEET METAL WORKERS LOCAL 88 RETIREE HEALTH PLAN; THE SHEET METAL WORKERS LOCAL 88 JOINT APPRENTICESHIP AND TRAINING FUND, INC.; THE LOCAL 88 INDUSTRY STABILIZATION PROGRAM; THE SMACNA OF SOUTHERN NEVADA (AKA SOUTHERN NEVADA AIR CONDITIONING & SHEET METAL CONTRACTORS' ASSOCIATION, INC.) TRADES PROGRAM; AND INTERNATIONAL ASSOCIATION OF SHEET METAL AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 88 DUES,<br><br>    Plaintiffs,<br><br>    v.<br><br>IDEAL MECHANICAL, INC.; FRANK S. VUCKOVIC; CATHERINE ANNE VUCKOVIC; and JAMES RICHARD BROUGHTON, individuals,<br><br>    Defendants. | Case No. 2:18-cv-01235 ODW (PLAx)<br><br>Hon. Otis D. Wright, II<br><br>STIPULATION FOR JUDGMENT |

STIPULATION FOR JUDGMENT

1. IT IS HEREBY STIPULATED by and between Plaintiffs Board of Trustees of the Sheet Metal Workers Pension Plan of Southern California, Arizona and Nevada (the "Pension Plan"); the Board of Trustees of the Sheet Metal Workers Health Plan of Southern California, Arizona and Nevada (the "Health Plan); the Board of Trustees of the Sheet Metal Workers Local 88 Section 401(k) Plan (the "401(k) Plan"); the Sheet Metal Workers Local 88 Retiree Health Plan (the "Retiree Fund"); the Sheet Metal Workers Local 88 Joint Apprenticeship and Training Fund, Inc. (the "JATC"); the Local 88 Industry Stabilization Program (the "Industry Stabilization Program"); the SMACNA of Southern Nevada (aka Southern Nevada Air Conditioning & Sheet Metal Contractors' Association, Inc.) Trades Program ("Industry Fund") and International Association of Sheet Metal Air, Rail and Transportation Workers Local Union No. 88 Dues (the "Dues Fund") (collectively the "Plans" or "Trust Funds"), and Defendants, FRANK S. VUCKOVIC; CATHERINE ANNE VUCKOVIC; and JAMES RICHARD BROUGHTON (collectively "Individual Defendants"); and IDEAL MECHANICAL, INC. ("Company") subject to the approval of this Court:

1. The Company and Individual Defendants are and/or have been parties to a collective bargaining agreement with International Association of Sheet Metal, Air, Rail and Transportation Workers Local Union No. 88, which created an obligation to pay monthly employee benefit plan contributions to the Plans.

2. That the Company and Individual Defendants are indebted to the Plans in the total amount of $62,387.31 as follows: $41,572.76 in audit contributions conducted for the period of June 1, 2014 through February 28, 2017; $8,314.55 in liquidated damages and interest for late payment or nonpayment of the audit contributions for the for the period of June 1, 2014 through February 28, 2017; and attorney's fees in the amount of $12,500.00.

3. Based on the foregoing, Judgment may be entered in this case in favor of the Plans and against the Company and the Individual Defendants jointly and severally, in the amount of $62,387.31 in audit contributions, accrued liquidated damages, interest,

attorney fees and costs, together with post-judgment interest thereon at the rate of 12% per annum as of the date of the Judgment.

4. The Company and Individual Defendants may satisfy the judgment by paying, and shall pay, the Plans the sum of $42,404.22 composed of audit contributions conducted for the period of June 1, 2014 through February 28, 2017 in the amount of $41,572.76, and $831.46 in liquidated damages and interest for late payment or nonpayment of the audit contributions for the period of June 1, 2014 through February 28, 2017; according to the following payment plan: (9) installments of $4,240.00, due on the twentieth (20th) of each month, commencing on February 20, 2018 and each successive month through October 20, 2018; and a tenth (10th) and final payment of $4,244.22 due November 20, 2018. The Company and the Individual Defendants must remain in compliance with the terms of this Stipulation and pay installments and contributions timely for the duration of the Stipulation and must not accrue an additional delinquency to the Plans. The contributions owed to the Plans for the work month of November 2017 will be paid no later February 20, 2018 and all successive current contributions due to the Plans will be paid timely and failure to pay current contributions constitutes a default of this Stipulation for Judgment where the total amount of the Judgment noted in paragraph two (2) above is immediately due and owing.

5. Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Workers International Association, Local Union No. 88, 2560 Marco Street, Las Vegas, Nevada, 89115.

6. The amounts listed as contributions due are based on reports submitted by the Company. This agreement is not intended to and does not prejudice the Plans' right to collect additional amounts if additional contributions are in fact due.

7. Apportionment and crediting of all sums received by the Plans under or pursuant to this Stipulation for Judgment shall be at the sole and exclusive discretion of

the Plans, consistent with federal law.

8. The Company and Individual Defendants may be restrained and enjoined, for so long as this Stipulation remains in effect and amounts outstanding remain unpaid, from failing or refusing:

    a. to make payments of contributions to the Plans on the dates on which they fall due; and

    b. to submit to the Plans accurate and complete remittance reports on the dates on which they fall due, including, when applicable, "no hours" reports for months for which no covered work is performed.

    c. to submit to the Plans a monthly list of all construction jobs which at that time are in progress, were completed within the last one hundred twenty days (120) days, or are contemplated to be started within the next thirty (30) days, and accounts receivables which should include, among others things, the following information: the proper names and addresses of the jobs on which the Company and/or Individual Defendants are working, the names and addresses of the owners of the jobs, the names and addresses of the general contractors on the job and the numbers of hours that each employee worked on the jobs, any certified payrolls, and the dates the jobs were completed or are expected to be completed, to the extent that such information is available.

9. This agreement is without prejudice to any Miller Act claims, mechanics' liens, or stop payment notices which may be filed by the Plans on jobs worked by the Company.

10. In the event the Company and Individual Defendants fail to comply with any of the provisions set forth in paragraphs five (5) or nine (9) above, or any other provision of this Stipulation, the entire amount of the Judgment, less any payments actually received at the time of such default, shall become immediately due and payable

1 | to the Plans from the Company and Individual Defendants, plus interest on such unpaid
2 | amounts at the annual rate of twelve percent (12%).
3 |     11.    This Court retains jurisdiction over this matter through February 1, 2019 to
4 | enforce the terms of any judgment entered hereunder, to order appropriate injunctive and
5 | equitable relief, to make appropriate orders of contempt, and to increase the amount of
6 | judgment based upon additional sums owed to the Plans by Defendants.
7 |     12.    The Plans shall have the right, upon twenty (20) days reasonable request
8 | made in writing, to audit or examine any books or records relating to the financial
9 | condition of the Company to ensure compliance with the terms of this Stipulation.
10 |     14.    The Individual Defendants agree that they are personally liable jointly and
11 | severally for the total amount noted in paragraph 4 of this Stipulation for Judgment and
12 | that the Trust Funds can offset any benefits to which they are entitled by the amount
13 | noted in paragraph 4 of this Stipulation for Judgment, less any credits.
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

15. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

Respectfully submitted,

Dated: 02/20/18

**GILBERT & SACKMAN**
A Law Corporation

By: *L. Trahn*
Laurie A. Traktman, Esq.
Attorneys for Plaintiffs

Dated: 1/16/18

**IDEAL MECHANICAL, INC.**

By: *[signature]*
FRANK S. VUCKOVIC,
Owner/President

Dated: 1/16/18

**FRANK S. VUCKOVIC**

By: *[signature]*
FRANK S. VUCKOVIC, Individual

Dated: 1/16/18

**CATHERINE ANNE VUCKOVIC**

By: *[signature]*
CATHERINE ANNE VUCKOVIC, Individual

Dated: 1/16/18

**JAMES RICHARD BROUGHTON**

By: *[signature]*
JAMES RICHARD BROUGHTON, Individual